[redacted]

**Carl M. LAYMON, Appellant,**

**v.**

**JACK TAR ORANGE HOUSE, INC., et al., Appellees.**

**No. 6777.**

Court of Civil Appeals of Texas.

Beaumont.

June 10, 1965.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Alto V. Watson, Beaumont, for appellant.

Marcus Weller, Wheelus & Green, Beaumont, for appellee.

PARKER, Justice.

Carl M. Laymon sued Orange Hotel, Inc., Jack Tar Orange House, Inc., and the Jack Tar Company for damages by reason of a personal injury received by Laymon. Summary judgment was entered for such defendants. Carl M. Laymon will be called appellant and Orange Hotel, Inc., Jack Tar Orange House, Inc., and the Jack Tar Company will be called appellees.

Appellant and his family were paying guests of the hotel operated by the defendant Orange Hotel, Inc., where they had a room or cabana with a concrete porch near a pool with an inclined grassy plane from the porch up to the pool. Appellant alleged that appellee was negligent in maintaining and keeping such an incline without steps, handrail or other safety device to protect the safety of appellant in descending from the side of the pool to the porch of the cabana he was occupying, the incline being so steep that appellant could not walk normally from the sidewalk around the pool to his cabana, but instead the appellant was required to inch his way down— that is, to take very small steps in an effort to get to his cabana porch, and the appellant was in fact inching his way down the steep incline of 30 to 45 degrees or more in order to reach his cabana porch when he fell, striking and injuring his knee on the edge of the concrete porch which was higher than the level of the adjacent ground "but such could not be determined with the naked eye due to the fact that grass had grown over the edge of the concrete". Appellant alleged such acts of appellee to be negligent and a proximate cause of the injuries and damages suffered and to be suffered by appellant.

Jack Tar Orange House, Inc., was merely a trade name for the hotel operated by Orange Hotel, Inc. The Jack Tar Company denied it owned, operated or participated in the operation of the hotel property. Appellee Orange Hotel, Inc., in its first amended original answer asserted various defenses, including the defense of "open and obvious". Appellees then filed their motion for summary judgment under Rule 166-A, Texas Rules of Civil Procedure, on the ground that no genuine issue existed as to any material fact relating to the liability of appellees to appellant and that they were entitled as a matter of law to such summary judgment.

Appellant's two points of error contend the trial court erred in entering summary judgment for appellee, because (a) fact issues were raised as to whether the condition of the premises was so open and obvious that the plaintiff actually knew of the danger of his using the incline, fully appreciated the same, and voluntarily exposed himself to the danger, and (b) there was a fact issue as to whether or not the plaintiff even knew of one danger he encountered: namely, the edge of the concrete porch of the cabana was obscured by grass.

The slope on the incline from the cabana to the pool was 30 degrees. In appellee's motion for summary judgment their contention was that appellant freely admitted in his deposition that any conditions of which he could complain were open and obvious to him, and that he had full knowledge thereof both before, immediately prior to and during the accident, so that appellant with full knowledge of such conditions and with full appreciation of any dangers thereof, nevertheless, voluntarily, assumed any risk which was involved in selecting this means of walking to his cabana and, therefore, is barred from any recovery against appellees. Such testimony of appellant is as follows: He walked up this very same incline the morning before he fell back down it that afternoon. In the morning he and his wife went to the coffee shop but did not walk up the incline. They took a longer route by going out the back door of the cabana because his wife had on high heels and couldn't possibly walk up that incline in high heels. That afternoon appellant knew that he could have gone to his cabana in the same safe way he had previously taken with his wife by going out to the end of the pool behind the cabana to the parking lot and thence from the parking lot into the back door of the cabana. As to the incline, appellant stated that he was afraid for his wife to walk on that incline with high heels. Appellant had gone to the swimming pool, sunned himself and decided to return to his room in the cabana in the afternoon. From the pool he stepped over the curb onto the incline with both feet and was inching

down, "sort of a Chines step affair", going down the incline and fell due to the steepness of the area. Nothing distracted his attention. He was looking at the front door of his cabana and at the grass where he was walking because "you would have to be to observe where you were going. Especially on that kind of incline." He knew there was no walk provided in front of the cabanas to the pool. "It's all a hill." This steep incline was not concealed from appellant in any way. He was looking right at it when he started down to his room just before he fell. Appellant did not know exactly what happened when he fell. It was a three foot drop and it was instantaneous. Appellant testified:

"* * * A man wouldn't rent a cabana at the Jack Tar, if it were not located at the pool where he could go to the pool from his front porch. It's not located so that you have to walk around the block to approach it from a so-called safe angle. It's located this way (indicating) by the Jack Tar Company's. They sell their services in this manner. I maintain that anything that has a forty-five degree angle, and is so situated, was dangerously constructed, * * *"

"* * * they created an angle there that is almost forty-five degrees straight down which they are providing for their customers to use. And, this in itself, is a dangerous situation, and I was a victim of it, that's all."

We hold appellant knew of the danger of walking on this steep incline and appreciated the consequences of encountering it.

Considering appellant's pleadings and appellant's testimony and giving due regard to the principles stated in Halepeska v. Callihan Interests, Inc., Tex., 371 S.W.2d 368 (1963); Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607 (1952); and Marshall v. San Jacinto Building, Inc., Tex.Civ.App., 67 S.W.2d 372 (wr.ref'd), appellant's points of error are overruled.

Judgment of the trial court affirmed.